UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN HENRY, individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION, <br><br> Plaintiffs, <br><br> - against - <br><br> WARNER MUSIC GROUP CORP., and ATLANTIC RECORDING CORPORATION, <br><br> Defendants. | Case No. 13-CV-5031 <br><br> New York County Supreme Index No. 155527/2013 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
James E. Murphy
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

Maurice Pianko, Esq.
55 Broad Street, Suite 13F
New York, New York 10004
Tel:  (646) 801-9675
mpianko@gmail.com

*Attorneys for Plaintiff and the Putative Class*

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      POINT I:  DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLISH FEDERAL JURISDICTION UNDER CAFA . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      POINT II:   THE ACTION SHOULD BE REMANDED BECAUSE THE "LOCAL CONTROVERSY" EXCEPTION TO CAFA APPLIES . . . . . . . . .   4

      POINT III:   THE ACTION SHOULD BE REMANDED BECAUSE THE "HOME STATE CONTROVERSY" EXCEPTION TO CAFA APPLIES . .   8

      POINT IV:  IN THE ALTERNATIVE, REMAND IS PROPER UNDER THE DISCRETIONARY "INTERESTS OF JUSTICE" EXCEPTION . . . . . . . . . .   8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

**TABLE OF AUTHORITIES**

*Cases*                                                                                           PAGE

Brandy v. Canea Mare Contracting, Inc.,
34 AD3d 512 (2nd Dept. 2006)………………………………………………………………….11

Commisso v. Price Waterhouse Coopers LLP,
2012 U.S. Dist. LEXIS 105151 (S.D.N.Y. July 27, 2012)……………………………….. 1,5,6,10

Blockbuster, Inc. v. Galeno,
472 F.3d 53 (2d Cir. 2006)…………………………………………………………………………2,3

Dabrowski v. Abax, Inc.,
84 A.D.3d 643 (1st Dept. 2011)………………………………………………………………….11

Globe Surgical Supply v. GEICO Ins. Co.,
59 A.D.3d 129 (2nd Dept. 2008)………………………………………………………………...11

Grant v. Warner Music Corp.,
13 Civ. 4449 (PGG)……………………………………………………………………………...11

Hurrell-Harring v. State of New York,
81 A.D.3d 69 (3rd Dept. 2011)………………………………………………………………...11

Lucker v. Bayside Cemetery,
262 F.R.D. 185 (E.D.N.Y. 2009)…………………………….…………………………………6

Mattera v. Clear Channel Comm., Inc.,
239 F.R.D. 70 (S.D.N.Y. 2006)…………………………………………………………………5,7

Nawrocki v. Proto Construction & Development Corp.,
82 A.D.3d 534 (1st Dept. 2011)………………………………………………………………….12

Pesantez v. Boyle Environmental Services, Inc.,
251 A.D.2d 11 (1st Dept. 1998)………………………………………………………………….12

Pruitt v Rockefeller Ctr. Props.,
167 A.D.2d 14 (1st Dept. 1991)………………………………………………………………….12

Richins v. Hofstra University,
908 F. Supp. 2d 358 (E.D.N.Y. 2012)……………………………………………………..2,5

Sorrentino v. ASN Roosevelt Center, LLC,
588 F. Supp.2d 350 (E.D.N.Y. 2008)……......………………………………………………*passim*

Wilder v. May Department Stores, Co.,
23 A.D.3d 646 (2nd Dept. 2005)………………………………………………………...12

**Statutes**

Fed. R. Civ. P. 23……………………………………………………………………………...12

28 U.S.C. § 1332…………………………………………………….…………………………....*passim*

## PRELIMINARY STATEMENT

Plaintiffs are current and former employees of Defendant Warner Music Group, Corp. and Atlantic Recording Corporation ("Defendants"). This action is brought on behalf of the Plaintiff and a putative class consisting of former and current employees who performed work for the Defendants as interns, and were thus misclassified as exempt from minimum wage and overtime requirements.  Plaintiffs allege that Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying compensation to the Plaintiff and putative class members for the many hours they worked. Plaintiffs allege that Defendants have substantially benefitted from the work that Plaintiff and putative class members performed.

All of the work at issue was performed within the State of New York, and the Plaintiffs only allege violations of New York State statutes. Moreover, the majority of the putative class members are presumed to be residents of the State of New York, particularly in light of the fact that these interns were college students who worked without any compensation because of their strong desire to break into the competitive New York entertainment industry. Defendants themselves admit that a majority of the putative class members during the statute of limitations period reside within the State of New York (*see* Defendants' Notice of Removal, at ¶ 7). As such, "no other state has anywhere near as significant an interest in the case as does New York." Commisso v. Price Waterhouse Coopers LLP, 2012 U.S. Dist. LEXIS 105151, *21 (S.D.N.Y. July 27, 2012).

Plaintiffs filed their action against Defendants in the Supreme Court of the State of New York, County of New York, on June 17, 2013. [*See* Plaintiffs' Complaint, annexed to the August 16, 2013 Declaration of Lloyd R. Ambinder ("Ambinder Dec."), at Ex. A]. The Defendants are business corporations organized and existing under the laws of Delaware and headquartered in

the State of New York, both with their principal places of business at 75 Rockefeller Plaza, New York, New York. [*See* Ambinder Dec., Ex. B (New York State Dept. of State Division Corporations website)]. On July 19, 2013, Defendant filed a Notice of Removal removing this action from the New York County Supreme Court to this Court, basing their removal – and their allegation that this Court has subject matter jurisdiction over this action— on the "Class Action Fairness Act," ("CAFA"), 28 U.S.C. § 1332(d).

As set forth below, Defendants fail to meet their burden to establish CAFA jurisdiction by a "reasonable probability." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2d Cir. 2006). Assuming, *arguendo*, Defendants had met their burden, Plaintiffs meet the standard to show that remand of this action is mandatory under the "local controversy" and "home state controversy" exceptions, or remand is proper under the discretionary "interests of justice" exception. As such, Plaintiffs' motion to remand the action to the New York County Supreme Court, where it was initially filed, should be granted.

## ARGUMENT

The Class Action Fairness Act ("CAFA"), enacted on February 18, 2005, expanded the availability for federal jurisdiction in class action lawsuits provided certain conditions are met. *See* 28 U.S.C. § 1332(d); Blockbuster, Inc., 472 F.3d at 56. Under CAFA, a district court is vested with original jurisdiction of any class action where the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and where there is minimal diversity (i.e. where at least one member of the putative class and one defendant are citizens of different states). *See* 28 U.S.C. § 1332(d)(2); Richins v. Hofstra University, 908 F. Supp. 2d 358, 360 (E.D.N.Y. 2012). Relying solely on vague and conclusory suppositions, Defendants utterly fail to meet their burden to establish federal jurisdiction under CAFA. [*See* Point I, *infra*].

Even if Defendants had met their burden, CAFA enumerates certain exceptions to the exercise of federal jurisdiction. First Plaintiffs meet the mandatory "local controversy" exception to CAFA, which is "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to the state." Sorrentino v. ASN Roosevelt Center, LLC, 588 F. Supp.2d 350, 355 (E.D.N.Y. 2008) (internal citations omitted). [*See* Point II, *infra*]. Second, remand is mandatory under the "home state controversy" exception, as the primary defendants and the large majority of putative class members are citizens of New York. Mattera v. Clear Channel Comm., Inc., 239 F.R.D. 70, 77 (S.D.N.Y. 2006) (Chin, D.J.). [*See* Point III, *infra*]. Lastly, in the alternative, this Court has discretion to remand the action in light of the totality of the circumstances under the "interests of justice" exception. Mattera, 239 F.R.D. at 81. [*See* Point IV, *infra*]. As such, remand is warranted.

## POINT I:

### DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLISH FEDERAL JURISDICTION UNDER CAFA

It is beyond cavil that the Class Action Fairness Act requires the party asserting Federal jurisdiction under 28 U.S.C. § 1332(d) to bear the burden of proof of proving jurisdiction. *See* Blockbuster Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction"). As Defendants have removed the action pursuant to CAFA, the burden lies upon Defendants to prove that the amount in controversy exceeds $5,000,000.00. "Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it. To satisfy its burden, defendant

*must prove to a reasonable probability* that… the amount in controversy exceeds $5 million."

Blockbuster, 472 F.3d at 59 (emphasis added).

Defendants make no statement as to the length or amount of shifts worked by putative class members – and submit no documentary evidence *whatsoever* reflecting such information. Rather, Defendants conclusorily state – with no justification whatsoever – that if each of the 2,800 alleged members of the putative class is owed minimum wages for 30 hours of work, averaging a 10-week internship period, the total amount of damages would be in excess of $6 million. [Def. Notice of Removal, ¶¶ 11-13]. Defendants provide *no* evidence to substantiate the length of time of each worker's employment. For instance, if the majority of putative class members were college students, most may have only worked during the summer time, for an eight-week period. Moreover, Defendants fail to provide *any* information regarding the average amount of days or hours worked each week. Many interns may have worked far less than 30 hours each week, particularly in light of the fact that they may have had to supplement their unpaid internship with a paid position somewhere else. Thus the amount in controversy would total far less than the $6 million Defendants vaguely calculated.

Since Defendants have failed to offer any evidence whatsoever to corroborate their calculation, Defendants have failed to establish that there is a "*reasonable probability* that… the amount in controversy exceeds $5 million." To establish the jurisdictional threshold, Defendants are required to come forth with "competent proof" to support facts "by a preponderance of the evidence." Sorrentino, 588 F. Supp. 2d at 354 (internal citations omitted). Defendants' bare proclamations utterly fail to meet that burden.

4

**POINT II:**

**THE ACTION SHOULD BE REMANDED BECAUSE
THE "LOCAL CONTROVERSY" EXCEPTION TO CAFA APPLIES**

Assuming, *arguendo*, Defendants had met the jurisdictional threshold of CAFA, the case should still be remanded under the "local controversy" exception. Under the "local controversy" exception, the district court "shall decline to exercise jurisdiction"

(i)     Over a class action in which—

> (I)     greater than two-thirds of the members of the putative class are citizens of the state in which the action was originally filed;
> (II)    at least one defendant from whom "significant relief" is sought is a citizen of the State in which the action was originally filed;
> (III)   the principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed; and

(ii)    during the 3-year period preceding the filing of that action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

*See* 28 U.S.C. § 1332(d)(4)(A); <u>Sorrentino</u>, 588 F. Supp.2d at 355.

This action falls under the "local controversy" exception, warranting remand. First, it can be inferred that two-thirds of the members of the putative class are citizens of New York State. Citizenship is determined by domicile, which reflects "the place where a person has a true fixed home and principal establishment" where "he has the intention of returning." <u>Richins</u>, 908 F. Supp. 2d at 361 (internal citation omitted). When seeking to establish the two-thirds threshold, courts in this Circuit have held that a party must show that it is "reasonably likely" that two-thirds of the proposed class are citizens of the state at issue. *See* <u>Mattera,</u> 269 F.R.D. at 80.

Here, only Defendants have the benefit of knowing the identities and other pertinent information regarding the putative class members, particularly in light of the fact that the parties have not yet engaged in any discovery. However, as noted by the court in <u>Mattera</u>, "in many

cases information relating to the membership of the putative class is more readily available to the employer." 269 F.R.D. at 80. As such, this Court may "simply make reasonable assumptions about the makeup of the putative class." Commisso v. Price Waterhouse Coopers LLP, 2012 U.S. Dist. LEXIS 105151 (S.D.N.Y. July 27, 2012), *citing* Matera, 239 F.R.D. at 80-81 (court assumed citizenship requirement met because the putative class members all worked in New York); Lucker v. Bayside Cemetery, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (court remanded based on "the eminently reasonable assumption" that the majority of people desiring to be buried in a Queens cemetery were New York State residents).

In Commisso, the court held it would be "reasonable to assume" that a significant portion of the putative class members were New York citizens because the class was limited to individuals employed in the New York office. 2012 U.S. Dist. LEXIS 105151, *19. Likewise, here it would be reasonable to assume that if a college student obtains an internship in the music or entertainment industry in New York, he/she ultimately desires to settle in New York to pursue that career path upon graduation. Moreover, one can only assume these interns must have been especially eager to embark on a career in New York, as they accepted positions *with no compensation* in order to break in to the New York music industry. Such an assumption is particularly appropriate in this instance, as New York is one of the few places to pursue a competitive career in the entertainment industry.

Significantly, by Defendants' *own* calculations, *at least* 53% of the putative class members are citizens of New York. [Def. Ex. A; Ioannis Fagkridas Declaration, ¶ 8]. Defendants' numbers are skewed, however, because they do not consider the individual's *current* residence, but their address at the time of the internship which could date back as far as 2007. Further, the addresses presented likely reflect the address of the intern's parents while the intern

6

attended college. CAFA provides that the citizenship of putative class members is determined "as of the date of the filing of the Complaint." Commisso, 2012 U.S. Dist. LEXIS 105151, *19 fn 9, *citing* 28 U.S.C. § 1332(d)(7). If 53% of the putative class were citizens of New York while completing an internship during college, it is reasonable to assume the number is much higher now, as the 47% interns whose parents did not live in New York clearly had a strong desire to work in New York, and have likely since gained employment in the state.

Plaintiffs satisfy all the other requirements of the local controversy exception. Defendants have principal places of business in the State of New York, and are thus considered citizens of New York, in accordance with 28 U.S.C. § 1332(d)(4)(A)(i)(II). [Def. Notice of Removal, ¶ 6]. Likewise, for the local controversy exception to apply, "the principal injuries suffered by the class must be limited to a particular state..." and would not apply in cases where the injuries were spread "broadly throughout several states." Mattera, 239 F.R.D. at 80 (internal citation omitted); *see also* 28 U.S.C. § 1332(d)(4)(A)(i)(III).

In Matera the court held that the local controversy exception was met because the action was brought on behalf of workers all employed in New York, at New York based radio stations, brought under the New York Labor Law. 269 F.R.D. at 80. Similarly, here Plaintiffs' claims all emanate from work performed *solely* in New York. Further, the alleged injurious conduct occurred solely in New York, where New York based interns performed work on behalf of Defendants at New York headquarters, and were deprived wages in violation of New York Labor Law.

Finally, Plaintiffs are unaware of any other class actions filed against the same Defendants prior to the June 17, 2013 filing of the instant Complaint. *See* 28 U.S.C. § 1332(d)(4)(A)(ii).

Accordingly, because Plaintiffs meet all of the requirements of the local controversy exception, remand is mandated.

## POINT III:

### THE ACTION SHOULD BE REMANDED BECAUSE THE "HOME STATE CONTROVERSY" EXCEPTION TO CAFA APPLIES

Remand is also mandatory pursuant to CAFA's "home state controversy" exception, which mandates that a district could shall decline to exercise jurisdiction over a class action where

> two-thirds or more of the members of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

*See* 28 U.S.C. § 1332(d)(4)(B); <u>Sorrentino</u>, 588 F. Supp.2d at 357.

As discussed above [Point II], more than two-thirds of the proposed class members are citizens of New York. As such, the first prong of the "home state controversy" exception is met.

With respect to Defendants' citizenship, both Warner Music and Atlantic Records have principal places of business in the State of New York. [Fagkridas Dec. ¶ 3]. A corporation "shall be deemed a citizen of any State by which is has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). As such, Defendants are both citizens of New York. Plaintiffs thus meet the mandatory "home state controversy" exception to CAFA jurisdiction.

## POINT IV:

### IN THE ALTERNATIVE, REMAND IS PROPER UNDER THE DISCRETIONARY "INTERESTS OF JUSTICE" EXCEPTION

In the event this Court determines that the mandatory exceptions to CAFA are inapplicable, CAFA further provides that a district court may,

8

in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction…over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

    (A) whether the claims asserted involve matters of national or interstate interest;

    (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

    (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

    (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

    (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

    (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*See* 28 U.S.C. § 1332(d)(3). The discretionary exception does not require that all factors be satisfied, but instead "a balancing test should be applied taking into consideration the 'totality of the circumstances.'" Sorrentino, 588 F. Supp. 2d at 359, *citing* Edward & Marjorie Austin Unitrust v. U.S. Morg. Corp., No. 06 CV01235, 2007 U.S. Dist. LEXIS 72921 (D. Nev. Sept. 27, 2007). Here, *all* of these factors weigh in favor of remand.

First, there is no question that more than one-third of the putative class members are New York citizens. By Defendants' own admission, more than half of the putative class members are citizens of New York. [*See* Defendants' Ex. A; Fagkridas Dec., ¶ 8].

Next, as required by subsection "A" of the discretionary "interests of justice" exception, the claims certainly do not involve matters of national interest. *See* 28 U.S.C. § 1332(d)(3)(A). The Plaintiff has *only* asserted New York Labor Law claims, pertaining *only* to work performed at Defendants' headquarters within the State of New York. Moreover, the New York Labor Law

claims asserted will certainly be governed by the laws of the State of New York, thus satisfying subsection "B" of the exception. *See* 28 U.S.C. § 1332(d)(3)(B). It is axiomatic that the State of New York has a "distinct nexus" with the putative class members, as the alleged violations took place while employed in New York, by New York corporate Defendants, as required by subsection "D" of the discretionary exception. *See* 28 U.S.C. § 1332(d)(3)(D).

Further, it certainly cannot be said that the action was plead in a manner to avoid Federal jurisdiction, satisfying subsection "C" of the exception. *See* 28 U.S.C. § 1332(d)(3)(C). The Named Plaintiff does not even possess a Federal claim, and thus would have been barred from bringing Federal suit. The Plaintiff performed work on behalf of Defendants from October 2007 through May 2008—well outside the statute of limitations period for an FLSA claim. The statute of limitations under the FLSA is ordinarily two years, but may be extended to three years if the cause of action arises out of a willful violation of the Act. 29 U.S.C. § 255(a). As such, Plaintiff's Federal claim would have expired in May of 2011 for a willful violation. Plaintiff's claim, however, is brought well within the six-year statute of limitations under the New York Labor Law. *See* N.Y. Lab. Law. § 633(3).

Moreover, by Defendants' very own (albeit unreliable) records, the amount of potential plaintiffs from New York "substantially outnumber" any other state, "and no other state has anywhere near as significant an interest in the case as does New York." Commisso, 2012 U.S. Dist. LEXIS 105151, *21. [*See* Defendants' Ex. A, showing at least 53% of putative class members reside in New York; Fagkridas Dec., ¶ 8]. For instance, in Sorrentino, the court granted a discretionary remand where only 43.6% of the putative class members were citizens of New York. 588 F. Supp. 2d at 357. As such, the requirements of the discretionary "in the interests of justice" exception, 28 U.S.C. § 1332(d)(3)(E), have been satisfied.

Finally, no other New York State class actions have been filed in the three-years prior to the filing of the instant complaint, as required by subsection "F" of the exception. *See* 28 U.S.C. § 1332(d)(3)(F). Although a Federal action was recently filed, that lawsuit contains *only* federal wage and hour claims brought under the FLSA, and no New York Labor Law claims. As claims brought under the FLSA cannot be brought as a class action, that action does not fall within the group of cases contemplated by subsection "F." *See* Grant v. Warner Music Corp., 13 Civ. 4449 (PGG).

While it cannot be argued, in accordance with 28 U.S.C. § 1332(d)(3)(C), that the "class action has been pleaded in a manner that seeks to avoid Federal jurisdiction" – as is undisputable by the simple fact that the Named Plaintiff has no Federal cause of action to assert – it *is* clear that Defendants' removal of this action was an attempt to invoke Federal procedural law in order to defeat Plaintiffs' substantive claims, and to subvert New York's strong state interest in protecting the rights of workers. Plaintiff's claims were pled as a putative class action pursuant to Article 9 of the New York Civil Practice Law and Rules. "Article 9 of the CPLR is to be 'liberally construed'… in favor of the granting of class certification." Globe Surgical Supply v. GEICO Ins. Co., 59 A.D.3d 129, 135 (2nd Dept. 2008). The requirements of Article 9 "must be liberally construed and 'any error, if there is to be one, should be … in favor of allowing the class action.'" Hurrell-Harring v. State of New York, 81 A.D.3d 69, 72 (3rd Dept. 2011); *quoting* Pruitt v Rockefeller Ctr. Props., 167 A.D.2d 14, 21 (1st Dept. 1991). New York appellate courts have repeatedly held that wage-and-hour actions, such as this one, are particularly amenable to class certification, and that "a class action would be the best method of adjudicating" wage and hour disputes. Pesantez v. Boyle Environmental Services, Inc., 251 A.D.2d 11, 12 (1st Dept. 1998); *see generally* Dabrowski v. Abax, Inc., 84 A.D.3d 643 (1st Dept. 2011); Nawrocki v.

11

Proto Construction & Development Corp., 82 A.D.3d 534 (1st Dept. 2011); Brandy v. Canea Mare Contracting, Inc., 34 AD3d 512 (2nd Dept. 2006); Wilder v. May Department Stores, Co., 23 A.D.3d 646 (2nd Dept. 2005).

Conversely – and while Plaintiffs strongly submit that this action would be particularly amenable to class certification under Rule 23 of the Federal Rules of Civil Procedure – it cannot be denied that the United States Supreme Court has, of late, been "bent on diminishing the usefulness of Rule 23." American Express Co. v. Italian Colours Restaurant, 133 S.Ct. 2304, 2320, __ U.S. __, (2013) (Kagan., J., *dissenting*). *See generally* Comcast Corp. v. Behrend, 133 S.Ct. 1426, __ U.S. __, (2013); Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, __ U.S. __, (2011). Defendants should not be allowed to remove a case which is *solely* within the provenance of the State of New York, and its long history of strong protections for the rights of workers, to the Federal Court for the sole purpose of attempting to circumvent New York's liberal class certification standards, and avoiding liability for exploiting *thousands* of young people by using them as unpaid laborers over the course of years.

## CONCLUSION

This action was commenced to recover unpaid wages for work performed solely within the State of New York, against Defendants which are all New York domiciliary corporations, alleging solely violations of New York statutes, on behalf of a putative class comprised of mostly New York residents. Under both the "local controversy" and "home state controversy" exceptions, or based on the totality of the circumstances under the "interests of justice" exception, this action is undeniably a New York State issue, which is particularly unsuited to Federal jurisdiction, and is in no way the type of action contemplated by Congress in passing the Class Action Fairness Act. As such, Plaintiffs respectfully request that the Court (i) remand this

12

action to the Supreme Court of the State of New York County, where it was initially filed; (ii)

award Plaintiffs costs and disbursements incurred by reason of the removal proceedings; (iii)

together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 16, 2013

VIRGINIA & AMBINDER, LLP

/s/ Lloyd R. Ambinder
James E. Murphy
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel:    (516) 873-9550
jbrown@leedsbrownlaw.com

Maurice Pianko, Esq.
55 Broad Street, Suite 13F
New York, New York 10004
Tel:    (646) 801-9675
mpianko@gmail.com

*Attorneys for Plaintiff and the Putative Class*

To:    VEDDER PRICE P.C.
       Laura Sack
       Lyle Zuckerman
       1633 Broadway, 47th Floor
       New York, New York 10019
       Tel: (212) 407-6960
       Fax: (212) 407-7799

*Attorneys for Defendants*

13