UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 24, 2014

JUSTIN HENRY, individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,

                    Plaintiffs,

- against -

WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,

                    Defendants.

**MEMORANDUM**
**OPINION & ORDER**

13 Civ. 5031 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Justin Henry filed this putative class action in the Supreme Court of the State of New York, New York County, against Warner Music Group ("WMG") and Atlantic Recording Corporation (collectively, "Defendants"). Plaintiff alleges that Defendants violated various provisions of the New York Labor Law, § 650 et seq., by misclassifying him and other similarly situated persons as unpaid interns. On July 19, 2013, Defendants removed this suit to this Court, pursuant to the Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332. Plaintiff now moves to remand, arguing that Defendants have not met their burden of demonstrating that the amount in controversy satisfies the CAFA's jurisdictional requirements. In the event that this Court concludes that this requirement has been met, Plaintiff argues that at least one of three statutory exceptions to the CAFA applies. For the reasons set forth below, Plaintiff's motion to remand will be denied.

## BACKGROUND

On June 17, 2013, Plaintiff filed this putative class action in Supreme Court of the State of New York, New York County. (Notice of Removal (Dkt. No. 1), Ex. A. ("Cmplt.") ¶ 14). Plaintiff alleges that Defendants violated the New York Labor Law by misclassifying him and other putative class members as unpaid interns, thus improperly exempting them from minimum wage and overtime pay requirements. (Id. ¶¶ 1-3, 9, 15)

The Complaint asserts claims on behalf a class consisting of all persons who worked as unpaid interns in Defendants' New York offices. (Id. ¶ 12, 15) Plaintiff Justin Henry alleges that he worked as an unpaid intern from October 2007 to May 2008. (Id. ¶¶ 8-9) Notwithstanding his title, Plaintiff contends that he is a covered employee under the New York Labor Law and is entitled to a minimum wage and overtime pay. (Id. ¶ 3)

The Complaint alleges that Plaintiff performed various clerical duties for Defendants including, inter alia, answering telephones, making photocopies, making deliveries, preparing coffee, and obtaining lunch for paid employees. (Id. ¶ 24) The Complaint further alleges that Plaintiff regularly worked from 10:00 a.m. to 5:00 p.m. or later, and that he sometimes worked more than 40 hours per week. (Id. ¶ 34, 36) Plaintiff states that he received no pay or academic credit for his work, and alleges that – absent his labor and that of the other putative class members – Defendants would have been forced to hire additional paid employees. (Id. ¶¶ 25-28)

On July 19, 2013, Defendants removed this action to this Court pursuant to the CAFA, which is codified at 28 U.S.C. § 1332(d). (Notice of Removal (Dkt. No. 1)) Shortly thereafter, Plaintiff moved to remand the action, arguing that Defendants have not demonstrated that the amount in controversy satisfies the CAFA's jurisdictional minimum. (Pltf. Mot. (Dkt.

No. 9) ¶ 3) In the alternative, Plaintiff argues that remand is appropriate under the CAFA's mandatory "local controversy" or "home state" exceptions, see 28 U.S.C. § 1332(d)(4)(A), (d)(4)(B), or its discretionary "interests of justice" exception, see id. § 1332(d)(3). (Id. ¶¶ 4-5)

## DISCUSSION

### I. STANDARD OF REVIEW

"Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." Lupo v. Human Affairs Int'l, 28 F.3d 269, 271 (2d Cir. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

"On a motion to remand, the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper." Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009). "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" Id. (quoting Lupo, 28 F.3d at 274).

Defendants assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1441 and the CAFA. (Notice of Removal (Dkt. No. 1) ¶ 4). The CAFA provides for federal jurisdiction over class actions where (1) there is minimal diversity, i.e., at least one member of the putative class and one defendant are citizens of different states; (2) the number of putative class members exceeds 100 people; and (3) the amount in controversy is greater than $5 million. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B). A party may aggregate the claims of individual class members to reach this jurisdictional amount. 28 U.S.C. § 1332(d)(6) ("In any class action, the

3

claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

"Under [the] CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it" by a preponderance of the evidence. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2d Cir. 2006); see also United States v. Makarova, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). To satisfy the jurisdictional amount requirement under the CAFA, Defendants must demonstrate "to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." Blockbuster, 472 F.3d at 58 (citing Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); 28 U.S.C. § 1332(d)(2), (6)). Plaintiff argues that Defendants have not met their burden as to jurisdictional amount.[1] (Pltf. Br. (Dkt. No. 10) at 4 (citing Sorrentino v. ASN Roosevelt Center, LLC, 588 F. Supp. 2d 350, 355 (E.D.N.Y. 2008)).

---

[1] Plaintiff does not dispute that Defendants have met their burden with respect to minimal diversity and the size of the putative class.

For diversity purposes, a person is a citizen of the state in which he is domiciled, see Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000), and residence is prima facie evidence of a person's domicile, see Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986). Plaintiff alleges that he resides in Brooklyn, New York (Cmplt. ¶ 7); accordingly, it is reasonable to assume that Plaintiff is a New York citizen.

Under federal law, a corporation is "deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendants are incorporated under the laws of Delaware and their principal place of business is in New York. (Notice of Removal, Ex. A (Dkt. No. 1) Fagkridas Decl. ¶ 3) Minimal diversity nonetheless exists because the putative class includes citizens from states other than New York. While the Complaint does not include information about the citizenship of putative class members, Defendants have offered evidence that more than one-third of purported class members resided outside New York during their internships. (Fagkridas Decl. ¶ 8) Such evidence is "highly probative" of the citizenship of purported class members. Richins v. Hofstra Univ., 908 F. Supp. 2d 358, 363 (E.D.N.Y. 2012). Accordingly, Defendants have met their

4

## II. ANALYSIS

### A. Jurisdictional Amount

Courts "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." Blockbuster, 472 F.3d at 56-57 (citing Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)). "When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by the plaintiff, the defendant must establish the requisite amount in controversy 'with "competent proof" and "justify [its] allegations by a preponderance of evidence."'" Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (quoting United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (alteration in original) (quoting McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936))).

In determining whether the removing defendant has met this burden, courts "look first to the plaintiffs' complaint and then to [the defendant's] petition for removal." Id. (alteration in original) (quoting Mehlenbacher, 216 F.3d at 296 (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957))); see also Sorrentino, 588 F. Supp. 2d at 354 ("In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint."). "Where the pleadings themselves are inconclusive as to the amount in controversy . . . courts may look outside those pleadings to other evidence in the record." Id.

---

burden of demonstrating minimal diversity for purpose of the CAFA.

Defendants have also satisfied their burden with respect to class size. The Complaint states that the number of putative class members is "believed to be in excess of 100 individuals." (Cmplt. ¶ 17) Moreover, Defendants have offered evidence that the number of individuals who interned in New York during the relevant six-year period exceeds 2,800. (Fagkridas Decl. ¶ 6)

5

(quoting United Food, 30 F.3d at 305); see also Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir. 2010) (where "subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis" (citations omitted)).

Here, the Complaint does not make a specific demand for damages, and the aggregate value of the claims at issue is not apparent from the face of the Complaint. The Complaint alleges, however, that "Plaintiff [Henry] typically worked five days each week" and "routinely worked from at least 10:00 a.m. until 5:00 or 6:00 p.m., but was sometimes required to stay later." (Cmplt. ¶ 34) Moreover, Plaintiff – who was employed by Defendants for eight months – alleges that his claim is "typical of the claims of the putative class." (Id. ¶¶ 8, 19)

Defendants have offered evidence – in the form of a declaration from Ionnis Fagkridas, a WMG Human Resources Specialist – that the size of the putative class exceeds 2,800 individuals, a figure that Plaintiff does not contest. (Fagkridas Decl. ¶ 6) Fagkridas also states that the typical internship at WMG lasts one college semester – about twelve weeks. (Fagkridas Decl. ¶ 9) Assuming that the average internship lasts ten weeks – less than a college semester and much less time than Plaintiff Henry allegedly worked for WMG – and assuming that the average intern works thirty hours a week – less than Plaintiff Henry – and applying the minimum wage in New York between January 1, 2007 to July 23, 2009 ($7.15 per hour) or the minimum wage in New York after July 24, 2009 ($7.25 per hour), it is apparent that the jurisdictional amount set forth in the CAFA is satisfied. Multiplying the number of putative class members (2,800) times the average hourly work week (30) times the average hourly

minimum wage ($7.15 or $7.25 per hour) yields a figure that exceeds $6 million – an amount well above CAFA's jurisdictional minimum.[2]

Defendants are also entitled to make a reasonable allowance for attorneys' fees when calculating the potential amount in controversy. "'Attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute.'" DiPonzio v. Bank of Am. Corp., 11-CV-06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) (quoting Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005)). "Because this action is brought pursuant to the NYLL, which expressly allows for an award of attorney's fees, see N.Y. Labor Law § 198 (McKinney 2011), . . . attorneys' fees may be included in the calculation of the amount in controversy." Id.

In attempting to rebut Defendants' showing, Plaintiff contradicts the allegations made in the Complaint. For example, Plaintiff suggests that "most [interns] may have only worked during the summer time, for an eight week period," and that "many interns may have worked far less than 30 hours each week, particularly in light of the fact that they may have had to supplement their unpaid internship." (Pltf. Br. (Dkt. No. 10) at 4)  Plaintiff asserts in the Complaint, however, that as a WMG intern he regularly worked forty hours or more per week, and that he worked for WMG for eight months.  Plaintiff also alleges that his internship is representative of the experience of putative class members. (Cmplt. ¶ 19)  Accepting the allegations of the Complaint as true, and given the evidence proffered by Defendants, this Court concludes that Defendants have met their burden of showing that the CAFA's amount in controversy requirement is satisfied.

---

[2] This amount is likely conservative if Plaintiff's allegations are true, because it provides for no overtime compensation.

### B.     The CAFA'S Exceptions Do Not Apply

"[O]nce the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions." Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp., 603 F.3d 23, 26 (2d Cir. 2010). Here, Plaintiff contends that the mandatory "local controversy" exception, the mandatory "home state" exception, and the discretionary "interests of justice" exception all apply.

### 1.     The "Local Controversy" and "Home State" Exceptions

Remand is required under the CAFA's "local controversy" exception where a plaintiff demonstrates, inter alia, that more than two-thirds of the putative class members are citizens of the state in which the action was filed.[3] The "home state" exception similarly provides that a court must decline to exercise jurisdiction in cases where "two-thirds or more of

---

[3] 28 U.S.C. § 1332(d)(4)(A) provides that a district court "shall decline to exercise" its jurisdiction:

> (i) over a class action in which --
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant --
>         (aa) from whom significant relief is sought by members of the plaintiff class;
>         (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>         (cc) who is a citizen of the State in which the action was originally filed; and
>     (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A).

the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). "The[se] mandatory exceptions to CAFA jurisdiction 'are designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.'" Sorrentino, 588 F. Supp. 2d at 355 (quoting Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 682 (7th Cir. 2006)); see also Brook v. UnitedHealth Grp. Inc., 06 CV 12954 (GBD), 2007 WL 2827808, at *3 (S.D.N.Y. Sept. 27, 2007) ("The exceptions are intended to keep purely local matters and issues of particular state concern in the state courts." (internal quotation marks and citation omitted)).

The Second Circuit has not yet determined the standard of proof that applies where a party seeks remand of an action under the "local controversy" or "home state" exceptions. Defendants, citing Richins v. Hofstra Univ., 908 F. Supp. 2d 358, 362 (E.D.N.Y. 2012), argue that the "preponderance of the evidence" standard applies. Id. ("In light of the uncertainty of the proper standard of proof to be applied, the court will take the most conservative approach and apply the preponderance of the evidence standard to determine whether an exception to CAFA applies here."); see also In re Sprint Nextel Corp., 593 F.3d 669, 673 (7th Cir. 2010) (applying the preponderance of the evidence standard). Plaintiff argues, however, that he should be required to show only that it is "reasonably likely" that two-thirds of the proposed class members are citizens of New York. See Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 81 (S.D.N.Y. 2006) (applying "reasonably likely" standard in finding remand appropriate). This Court need not resolve this issue, because Plaintiff cannot prevail under either standard.

Plaintiff has not submitted any evidence regarding the citizenship of putative class members. Instead, he baldly asserts that "the majority of the putative class members are presumed to be residents of the State of New York." (Pltf. Br. (Dkt. No. 10) at 1) While courts may "make reasonable assumptions about the makeup of the putative class," Commisso v. Price Waterhouse Coopers LLP, No. 11 Civ. 5713(NRB), 2012 WL 3070217, at *4 (S.D.N.Y. July 27, 2012), they cannot credit rank speculation. See Smith, 944 F. Supp. at 252 ("[Plaintiff's] contention that most timeshare interest holders are citizens of the State of New York who do not otherwise reside in the City of New York is pure speculation. . . . insufficient to establish that greater than one-third of the members of the putative class are citizens of New York.").

Moreover, "[e]ven if the Court were to find such conjecture sufficient to 'create a rebuttable presumption that the citizenship requirement is met,' Commisso, 2012 WL 3070217, at *4, Defendants have submitted ample evidence to rebut this presumption." Smith, 944 F. Supp. 2d at 253. According to residency records maintained by Defendants and submitted in connection with their notice of removal, at least 45% of the putative class members were citizens of states other than New York at the time of their internships. (Fagkridas Decl. ¶ 8, 10, Ex. A ("List of Last Known Addresses"))

Plaintiff's objections to this evidence are not convincing. Plaintiff complains, for example, that Defendants' evidence "do[es] not consider the individual's current residence," and Plaintiff speculates that "[t]he addresses presented likely reflect the address of the intern's parents while the intern attended college." (Pltf. Br. (Dkt. No. 10) at 6-7) Plaintiff has not identified any alternative source of address information that could be used to determine the citizenship of putative class members, however. Moreover, in Richins, the court relied on similar student residence information in concluding that it lacked jurisdiction under the CAFA.

See Richins, 908 F. Supp. 2d at 363 ("While Hofstra's information may not reflect with perfect accuracy the current domicile and intent to remain in New York of each and every member of the Plaintiff Class as of the date of the commencement of this lawsuit, . . . the information [is] highly probative of whether or not members of the Plaintiff Class are, indeed, citizens of the State of New York").

Commisso, 2012 WL 3070217, cited by Plaintiff, provides no support for his position. In concluding that more than one-third of the putative class of plaintiffs had New York citizenship, the Commisso court relied on data from the defendant's human resources department demonstrating that 67.4% of the putative class had reported only a New York address. Commisso, 2012 WL 3070217, at *5. ("But we need not rest on assumptions – [defendant] has queried its Human Resources data management system to determine the residency of all members of the Complaint's proposed class. As of the date of filing, the putative class was comprised of 3802 people, 2561 (67.4%) of whom reported only a New York address.") (internal citations omitted). Plaintiff has proffered no such data here.

Moreover, Plaintiff's assumption that "if a college student obtains an internship in the music or entertainment industry in New York, he/she ultimately desires to settle in New York to pursue that career path upon graduation" (Pltf. Br. (Dkt. No. 10) at 6), is not a reasonable one. Plaintiff has offered no evidence that a majority of college students who intern ultimately pursue a career in that same field, let alone that they choose to pursue that career in the same city in which they interned.

Plaintiff has not demonstrated that more than two-thirds of the putative class members are citizens of New York. Accordingly, neither the "local controversy" nor the "home state" exception applies.

### 2. The "Interests of Justice" Exception

"Even assuming that New York citizens do not comprise more than two-thirds of the putative class, the Court has discretion to decline jurisdiction over this case in the interests of justice." Mattera, 239 F.R.D. at 80. The "interests of justice" exception is set forth in 28 U.S.C. § 1332(d)(3) and reads as follows:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under [Section 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of –
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). "The plaintiff need not satisfy all factors, rather a balancing test should be applied taking into consideration the 'totality of the circumstances.'" Sorrentino, 588 F. Supp. 2d at 359 (citing Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp., No. 06CV01235, 2007 WL 2886036, at *3 (D. Nev. Sept. 27, 2007)).

12

Several of these factors favor Plaintiff. For example, the Complaint alleges New York Labor Law violations on behalf of a class of individuals who worked in the New York office of a company whose principal place of business is in New York. Consequently, there is a "distinct nexus" between the forum state and the claims at issue, all of which will be governed by New York law. 28 U.S.C. § 1332(d)(3)(B), (E). Moreover, as Defendants acknowledge, more than half of the putative class members are citizens of New York. (Fagkridas Decl. ¶ 8) Although the citizens of other states (such as New Jersey and Connecticut) are well represented in the putative class – giving those states a stake in the litigation – there is no dispute that the number of New York citizens "is substantially larger than the number of citizens from any other State." 28 U.S.C. § 1332(d)(3)(E). Finally, neither side has suggested that any class action was filed during the last three years that asserted "the same or similar claims on behalf of the same or other persons." Id. § 1332(d)(3)(F).[4]

The remaining factors favor Defendants, however, and these factors weigh more heavily in the balance. The CAFA's "primary objective" is to ensure "'Federal court consideration of interstate cases of national importance.'" Standard Fire Ins. Co. v. Knowles, __ U.S. __, 133 S. Ct. 1345, 1350 (2013) (quoting Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4). There is no dispute that this action qualifies as an "interstate" case; Plaintiff chose not to limit the putative class to New York citizens. See Cmplt. ¶ 15 (defining class as "each and every other person who worked for the Defendants as interns").

---

[4] Defendants argue that this factor weighs in their favor because Plaintiff filed "a collective action . . . purporting to represent an overlapping class barely a week after the current action was filed." (Def. Br. (Dkt. No. 14) at 17) However, this argument is at odds with the relevant statutory text. By its terms, Section 1332(d)(3)(F) applies only when a class action asserting the same or similar claims has been filed during the preceding three years. This Court will not, as Defendants urge, look past the plain language of the statute in favor of its alleged "legislative purpose." (Def. Br. (Dkt. No. 14) at 17 n.9)

Plaintiff argues, however, that this is not an interstate case of <u>national</u> importance because he "has <u>only</u> asserted New York Labor Law claims, pertaining <u>only</u> to work performed at Defendants' headquarters within the State of New York." (Pltf. Reply Br. (Dkt. No. 15) at 6 (emphasis in original) (citing Cmplt. ¶¶ 1, 12, 16, 29, 38-73)) Defendants contend that this case does have national importance, pointing to a number of recent federal court decisions and widespread press attention concerning the legal issues that surround use of interns. (Def. Opp. Br. (Dkt. No. 14) at 12-14) Given the widespread use of interns nationwide, and the potential of Plaintiff's action to radically alter how interns are classified in one of this nation's largest labor markets, this case can be said to have national importance. Accordingly, the first factor in the CAFA's "interests of justice" exception strongly favors Defendants.

There is also ample evidence that Plaintiff has purposely sought to "avoid federal jurisdiction" in filing this lawsuit. 28 U.S.C. § 1332(d)(4)(C). Barely a week after this action was commenced, Plaintiff's counsel filed a second action seeking damages under the Fair Labor Standards Act ("FLSA") on behalf of an overlapping class. See <u>Grant v. Warner</u>, 13 Civ. 4449 (PGG). Plaintiff's counsel has thus forced Defendants to litigate very similar claims in two separate forums. The <u>Grant</u> complaint, like the Complaint here, is brought on behalf of "similarly situated individuals" who allege that Defendants misclassified them as unpaid interns, and failed to pay them in compliance with minimum wage and overtime pay requirements. (Cmplt. ¶¶ 11, 32)

Plaintiff's arguments to the contrary are not persuasive. Plaintiff protests that "it would have been impossible for [him] to 'forum shop'" because his claim was time-barred under the FLSA, and thus "he could <u>only</u> commence a State court action." (Def. Reply Br. (Dkt. No. 15) at 8) This argument sidesteps the fact that Plaintiff's counsel chose to file two overlapping

suits in two different forums rather than bring hybrid New York Labor Law/FLSA claims. While courts generally defer to a plaintiff's forum choice, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 265-66 (1981), such deference is not automatic – particularly where, as here, remand would result in duplicative and costly litigation. See Mensah v. World Truck Corp., 210 F. Supp. 2d 320, 322 (S.D.N.Y. 2002) ("The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties inter se in one proceeding.") (internal quotation marks and citation omitted).

This Court concludes that a remand would not serve the "interests of justice."

\*       \*       \*       \*

Defendants have met their burden of demonstrating that this Court has subject matter jurisdiction under the CAFA, and Plaintiff has not demonstrated that any of the statutory exceptions apply. Accordingly, the motion to remand will be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand this action to the Supreme Court of the State of New York, New York County, is denied. The Clerk of the Court is directed to terminate the motion (Dkt. No. 9).

Dated: New York, New York
       March 21, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge