IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE GRANT individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,<br><br>                                              Plaintiffs,<br>against<br><br>WARNER MUSIC GROUP CORP., and ATLANTIC RECORDING CORPORATION,<br><br>                                              Defendants. | Case No. 13-CV-4449 (PGG)<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 8/21/15 |
| JUSTIN HENRY, individually and on behalf of other persons similarly situated who were employed by WARNER MUSIC GROUP CORP. and ATLANTIC RECORDING CORPORATION,<br><br>                                              Plaintiffs,<br>against<br><br>WARNER MUSIC GROUP CORP., and ATLANTIC RECORDING CORPORATION,<br><br>                                              Defendants. | Case No. 13-CV-5031 (PGG) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On June 9, 2015, counsel for the plaintiffs filed a motion for preliminary approval of a settlement of putative class actions and a collective action brought by Kyle Grant and Justin Henry (the "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of the classes of individuals that they seek to represent ("Class Members"), to resolve this action against Warner Music Group Corp. and Atlantic Recording Corporation, (collectively "WMG" or "Defendants") (together with Plaintiffs, the "Parties"). The Court has considered the Joint Stipulation of

Settlement and Release ("Stipulation"), its attached exhibits, and the Declaration of LaDonna Lusher ("Lusher Decl."), and hereby finds and orders as follows:

### I. Provisional Approval of Settlement

1. Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Stipulation.

2. The Court finds on a preliminary basis that the settlement memorialized in the Stipulation filed with the Court falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2015 WL 1265909, at *1 (S.D.N.Y. Mar. 27, 2015); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

3. The Court finds that the Stipulation is the result of extensive, arms'-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Clem*, 2015 WL 2895918, at *2.

4. The Court grants the Plaintiffs' motion for preliminary approval of the Stipulation.

### II. Conditional Certification of the Proposed Rule 23 Class For Settlement Purposes Only

5. Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Stipulation, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting

practical purposes of provisionally certifying settlement class); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a Rule 23 Class consisting of all individuals who were Interns for Defendants in the State of New York from June 17, 2007 through the date of this Preliminary Approval Order, and in California during the four-year period preceding the day and month on which the Amended Complaint is filed through the date of this Preliminary Approval Order.

7. The Court appoints, for settlement purposes only, Justin Henry to represent the New York Rule 23 Class and Josh Davis to represent the California Rule 23 Class.

8. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

9. By Decision and Order dated May 13, 2014, and Publication Order dated September 19, 2014, this Court authorized notice of pendency to be published to a collective comprised of all persons who participated in unpaid internships with or through WMG, commencing May 13, 2011.

10. For settlement purposes only, the Court also approves the following FLSA Collective: All individuals who participated in unpaid internships with or through WMG at any time from May 13, 2011 through the date of the Preliminary Approval Order.

11. Any FLSA Collective Member who properly submits his or her Claim Form and Release to the Settlement Claims Administrator shall be deemed to have filed his or her consent to opt-in with the Court as of the date that it is received by the Settlement Claims Administrator.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. For settlement purposes only, the Court appoints Virginia & Ambinder, LLP, Leeds Brown Law, P.C. and Pianko Law Group, PLLC ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

13. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class and Collective Members' claims.

14. Plaintiffs' Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

15. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

### IV. Notice

16. The Court approves FRG Information Systems as the Settlement Claims Administrator to perform duties in accordance with Section 4 of the Stipulation.

17. The Court finds that the procedures for notifying the Rule 23 Class and FLSA Collective about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs publication of the Notices in accordance with the Stipulation.

18. The Court approves, as to form and content, the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (the "Proposed Notice"), and the

Settlement Claim Form and Release, attached to the Stipulation as Exhibits A and B. The Settlement Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the applicable Class and Collective Members as provided in the Stipulation.

19. The Proposed Notice satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts Class Members on notice of the proposed settlement. *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Notice is appropriate because it describes the terms of the settlement, informs the classes about the potential allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Id.*; *see also Willix*, 2010 WL 5509089, at *3-4.

20. Any written objection to the settlement by a Class Member who has not opted-out must be received by the Settlement Claims Administrator within thirty (30) days from the mailing of the Proposed Notice and shall then be filed with this Court.

**V.   Class Action Settlement Procedure**

21. The Court hereby adopts the settlement approval process as set forth in the Stipulation.

22. In the event that the Effective Date as defined in the Stipulation does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever, except as otherwise provided or reasonably contemplated therein, including but not limited to the post-termination survival provisions set forth in Section 8.2, the non-disclosure provisions in Section 11.12, and the non-admission provisions in Section 2, which shall remain in effect. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as,

constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

23. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs, anyone acting on behalf of Plaintiffs, Current FLSA Opt-Ins who do not withdraw their consents to join the Litigation, and Participating Claimants shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate, on an individual or class or collective action basis, any action, claim or proceeding against Defendants in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

24. The parties are ordered to carry out the settlement according to the terms of the Stipulation.

25. Class Counsel is ordered to file with the Court in the *Grant* Action an Amended Complaint that adds Josh Davis as a Named Plaintiff and adds state law class claims for California under Fed. R. Civ. P. 23 for alleged unpaid wages in accordance with Section 3.2 of the Stipulation.

26. The Court will conduct a hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on January 28 2016, at 10:30 a.m./p.m. in Courtroom 705, 40 Foley Square, New York, New York 10007 (the "Fairness Hearing"), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards to

Plaintiffs, if appropriate; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to Class Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before January 13, 2016 ~~2015.~~

27. The following dates shall govern the schedule in this action:

| | |
|---|---|
| [5 days after the signing of this Order]<br><br>___August 26___, 2015 | Plaintiffs' counsel shall file the Amended Complaint in the Grant Action |
| [20 days after the signing of this Order]<br><br>___September 10___, 2015 | Defendants' Counsel will provide the Settlement Claims Administrator and Class Counsel with the Class Member mailing list in electronic form containing the following information: name, last known address, email address and internship state, as that information exists in Defendants' records ("Class List") |
| [40 days after the signing of this Order]<br><br>___September 30___ 2015 | Mailing of Class Notice. |
| 30 days after date of mailing of Class Notice<br><br>___October 30___ 2015 | Last day for Class Members to submit written objections to the Settlement. |
| 60 days after date of mailing of Class Notice:<br>___November 30___ 2015 | Last day for Class Members to "opt out" of the Settlement. |
| 60 days after date of mailing of Class Notice:<br>___November 30___ 2015 | Last day for Class Members to qualify as a Participating Claimant by filing claim forms to join settlement. |

| | |
|---|---|
| 120 days after date of first mailing of Class Notice:<br>__January 28, 2016__ ~~2015~~ | Last day for parties to reconcile final distribution of all Allocated Settlement payments to Authorized Claimants, as well as all costs and fees. |
| 21 days prior to the scheduled Fairness Hearing:<br>__January 7, 2016__ ~~2015~~ | Last day for filing and service of proposed papers in support of final settlement approval to Defendants. |
| 15 days prior to the scheduled Fairness Hearing:<br>__January 13, 2016__ ~~2015~~ | Last day for filing and service of papers in support of final settlement approval with the Court. |
| __January 28, 2016__ at 10:30 a.m. | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: __August 21__, 2015

_____
Hon. Paul G. Gardephe, USDJ